## OLIVER *v.* PULLAM.

*(Circuit Court, W. D. North Carolina.* May Term, 1885.)

STATE LANDS—EJECTMENT—GRANT OBTAINED BY FRAUD.
  That a grant of state land was founded upon "a fraudulent entry, and obtained by false and fraudulent practices," cannot be availed of in an action of ejectment brought by a senior grantee to vacate such grant.

2. SAME—COLOR OF TITLE—ADVERSE POSSESSION—NORTH CAROLINA STATUTE.
  A fraudulent grant of state land may be color of title and become a good title if the fraudulent grantee hold actual adverse possession for seven years against a senior grantee who has a right of entry and a right of action to recover possession, and is under no disability mentioned in the statutes.

3. SAME—STATUTE OF LIMITATIONS—SUBSEQUENT INSANITY.
  When a statute of limitations has begun to run, no subsequent disability will restrain its progress.

Civil Action to Recover Land.

*Jones & Hardwick,* for plaintiff.

*P. J. Sinclair,* for defendant.

DICK, J. This case is submitted for determination upon briefs and a statement of facts agreed upon by the counsel of the parties. Both parties claim the land in controversy from the state under grants which are conceded to be regular in form. The grant of the plaintiff was issued July 13, 1846, and he has never had actual possession of any part of the lands included in the grant of defendant. The grant of defendant is dated twenty-first of December, 1847, and he has had continuous possession of that part of the land included in both grants, and has cultivated, and exercised other acts of ownership over the

same, from December, 1869, to the commencement of this action. The respective grants contain other lands besides those in controversy; and this case presents questions of law arising from lapping of grants, which have been frequently considered in the courts of this state. The senior grant conveyed the title of the state to the plaintiff, and he is entitled to recover in this action, unless he has lost his remedy by laches, and the lapse of time specified in the statute of limitations of this state.

The defendant pleads the statute, and insists that his actual adverse possession, under colorable title, for more than seven years, under known and visible boundaries, constitutes a perpetual bar to the claim of the plaintiff. The plaintiff, in his reply, insists that the defendant's grant and actual possession does not constitute the colorable title and adverse possession required by the statute, as such grant is void,—being founded upon "a fraudulent entry, and was obtained by false and fraudulent practices." No regular demurrer was filed to this reply, but in the case agreed the defendant admits the truth of the allegations for the purposes of this action, and insists, as by demurrer, that they are *irrelevant* and *immaterial*. A grant is the conveyance by which the state passes its title to portions of the public lands, and the law has made various provisions as to the manner in which such transfer of title shall be made. When the proper officers of the state have authority and jurisdiction to issue a grant for public land, it cannot be collaterally impeached for defects or irregularities in any preliminary proceeding, or for fraud in obtaining it; because it is the act of the sovereign, tested by the great seal, and stands on the footing of a record, and is valid until set aside by a direct legal proceeding for that purpose. But where the state had previously granted the land, or the officers had no authority, or exceeded their jurisdiction, the grant is absolutely void, and may be so treated in an action of ejectment. *Harshaw* v. *Taylor*, 3 Jones, Law, 513; *Smelting Co.* v. *Kemp*, 104 U. S. 636.

The distinction between voidable and void grants has been clearly defined in the decisions of the supreme court of this state, in cases relating to such matters. If the land is vacant, and the subject of entry, the grant can only be impeached by a direct proceeding for that purpose. When the land is not vacant, or the subject of entry, the grant is void, and advantage may be taken in an action of ejectment. *Hoover* v. *Thomas*, Phil. Law, 184. If a junior grant covers in part land which had been previously granted, (as in this case), it will be good for the land comprehended in it which had not been granted. *Hough* v. *Dumas*, 4 Dev. & B. Law, 328. As to the part previously granted, the junior grant is void, and does not in any way hinder the senior grantee from asserting his title in an action at law, brought within the period required by the statute of limitations.

If the junior grant was obtained by fraud, with knowledge of the previous grant, and the first grantee thinks himself aggrieved by

such *cloud upon his title*, he may institute legal proceedings to have the junior grant vacated; and if such fraud and knowledge are clearly established by evidence, then the court in which such proceedings are pending may vacate the junior grant *in toto.* Until such judgment has been rendered, such junior grant is valid as to lands not included in the senior grant. *Hoyt* v. *Rich*, 4 Dev. & B. Law, 533.

The doctrine of the common law, so strongly urged in the argument of the plaintiff's counsel, that "fraud vitiates every species of contract," is true in a general sense, but it must be reached in the regular and authoritative manner provided by law, and by parties entitled to institute such legal proceedings.

The plaintiff in his reply alleges that the grant of the defendant is void because it was founded upon "a fraudulent entry, and was obtained by false and fraudulent practices." This is not good pleading. It is well settled that a grant cannot be collaterally impeached in an action of ejectment for any antecedent fraud practiced upon the state. A good allegation in pleading is a statement of fact which, if denied, will form a proper issue, and which the rules of law will allow to be proved on the trial. Anything which is not allowed to be proved, cannot be properly alleged, and may be struck out on motion. If a regular demurrer had been filed to the reply in this case, it would not have admitted the truth of the allegations of fact and the conclusions of law as stated. A demurrer only admits the facts that are relevant and properly pleaded, and never admits conclusions of law or matters of inference and argument, however clearly stated. In the case agreed, the counsel of the defendant admits the truth of the allegation for the purposes of this action, but insists, as by demurrer, that they are *irrelevant* and *immaterial.* His purpose was to admit such matters only as would have been admitted by a formal demurrer.

Passing over the questions that arise upon the informal pleadings, and considering the allegation of fraud upon the state as true, it cannot be availed of in this action to vacate the grant of the defendant *in toto.* It appears, therefore, that the defendant claims under a grant which is not entirely void, and contains well-defined boundaries, and he has been in the actual adverse possession of the land in controversy for 16 years, exercising all the rights of ownership. This condition of things seems to comply with all the requirements of the state statute of limitations for securing titles to lands held adversely to the owner under colorable title. He has long exposed himself to the action of the plaintiff, who had the superior title. The law considers every man cognizant of his own title, the boundaries of his land, and the character and extent of the possession held by himself or an intruder, and requires that he shall, in a reasonable time, assert, by appropriate legal remedies, his rights against unlawful intrusions and encroachments.

There are numerous instances where the state has granted lands

which had been before granted, and the supreme court of this state has decided, in many cases of lapped patents, that if the junior patentee has held actual adverse possession of the lappage for seven years, he acquires title to that portion of the land embraced in both patents. If the senior patentee has not been in actual possession of any of the lands embraced in his patents, then the actual possession of the junior patentee of a part of the lands common to both, extends his claim to the boundaries of his patent. *McLean* v. *Murchison,* 8 Jones, Law, 38. As the plaintiff did not avail himself of his full and adequate legal remedies, he cannot justly complain that the statute of limitations, founded in the wise and salutary public policy of giving repose to possession, and quieting titles to land, now denies the remedies so long neglected.

I am of opinion that the junior grant of defendant would constitute color of title even if its boundaries were entirely covered by the senior grant of the plaintiff. *Hoyle* v. *Logan,* 4 Dev. Law, 495. It has all the elements of color of title. It is a written document of title under the great seal of the state, regular in form, professing to convey the land, with well-defined boundaries, and showing the character of the possession held under it to be adverse to all claimants. *McConnell* v. *McConnell,* 64 N. C. 342. If the grant was obtained by the fraudulent practices alleged, it was not an absolute *nullity.* The effect of ordinary fraud is not absolutely to avoid the contract or transaction which has been caused by such fraud, but to render it voidable at the option of the party defrauded. The state had a right to rescind the grant of defendant for the fraud practiced, but until rescinded it operated as color of title against the senior grantee. *Hoyle* v. *Logan, supra; McRee's Heirs* v. *Alexander,* 3 Hawks, 332; 1 Dev. Law, 321.

The grant of defendant, when issued, did not hinder the plaintiff in asserting his superior rights of ownership, and affected his interests only incidentally as a cloud upon his title. There is no evidence that the defendant intended to perpetrate a fraud or injury upon the plaintiff by procuring a grant in prejudice to his known previous title, and the law never presumes a fraud or a wrong. As no fraud was committed against the plaintiff, he could not have avoided the grant under a direct proceeding, (*Hoyt* v. *Rich, supra,*) and he cannot raise in this action of ejectment the question of fraud as between the grantor and grantee, and thus look beyond the grant. *Spencer* v. *Lapsley,* 20 How. 264.

The phrase "color of title" signifies some written document which appears to be a title to land, but is not a good title. The object of the legislature in enacting the statute of limitations to quiet the possession of land and settle titles, was not to protect good titles, as they could be secured in an action at law, but colorable titles that were void and worthless unless accompanied by possession. Even a fraudulent deed may be color of title and become a good title if the fraudulent grantee holds actual adverse possession for seven years against the

owner, who has a right of entry and a right of action to recover possession, and is under no disability mentioned in the statutes. The adverse possession of the occupant exposes him to the action of the rightful owner, and if he neglects to assert his rights in the manner provided by law, he must accept the result of his own folly and negligence.

A deed void for fraud, under 13 Elizabeth, does not constitute color of title against creditors, as the possession of the fraudulent grantee is regarded as the possession of the fraudulent grantor, and not adverse to creditors. A creditor has no specific title to the land fraudulently conveyed, or right of action to recover possession. His right is enforced by selling the land under an execution founded upon a judgment for his debts. As soon as the land is sold, the purchaser acquires a title and right of action, and the fraudulent deed begins to operate as color of title. *Cowles* v. *Coffey,* 88 N. C. 340.

In some of the states statutes of limitation require that the colorable title which shall ripen into a perfect title shall be acquired and held in "good faith." This question of *good faith* is generally held to be material only when a person is claiming constructive possession under color of title, and does not apply where there is a *disseizin* of the true owner, and an actual, open, and adverse possession, which exposes the claimant to an action by the true owner.

There is no provision as to good faith in the statute of limitations of this state. This statute is a peremptory and inflexible rule of law, which terminates the right of the legal owner, and protects the adverse claimant in his actual possession, not out of regard to the merits of his case, but for the reason that the real owner has acquiesced in an adverse possession so long that he is not entitled to a remedy for the enforcement of his legal title. In such a case the only inquiry is, has the actual possession been sufficiently open, hostile, and continued for the time required by the statute, as against a person not under disability, and having a right of entry and right of action? A statute so manifestly remedial and beneficial in its object ought to be liberally construed by the courts, so as to extend, rather than restrict, its operation. *Reddick* v. *Leggat,* 3 Murph. 539.

The admitted fact that plaintiff became *non compos mentis* soon after the statute began to operate, cannot be availed of in this action; for it is a well-settled general rule that when such a statute has once begun to run, no subsequent disability will restrain its progress.

After a careful consideration of the briefs, the case argued, and the pleadings, I think that judgment should be entered for defendant. It is so ordered.