LARSON, Respondent, vs. ELA and others, Appellants.

*September 12—October 10, 1933.*

For the appellants there were briefs by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *G. Burgess Ela* and *Roman Heilman.*

*Cyril E. Marks* of Madison, for the respondent.

FRITZ, J. In this action plaintiff seeks to recover from the defendant Union Trust Company, and the defendants Ela and Steensland, as managing directors of that corporation, $1,300 which were deposited by plaintiff with that corporation for investment by it as trustee for plaintiff. It is difficult to ascertain from the complaint the nature of the cause of action, or the theory upon which plaintiff seeks to recover, but in his brief he contends that the complaint states a cause of action "in equity for breach of trust." There is, however, no allegation in the complaint that any of plaintiff's money was ever deposited with, or received by, Ela or Steensland, or that either of them was a party to the written "trust agreement," which plaintiff alleges was entered into between the plaintiff and the defendant corporation, and which is made part of the complaint. As no facts are alleged because of which any trust or fiduciary relationship appears to have existed between plaintiff and either Ela or Steensland, there is as to them no basis for

an action for breach of trust. Consequently, they were entitled to have their demurrer to the complaint sustained in so far as the statement of a cause of action on that theory is concerned.

As to the defendant corporation, plaintiff's allegations are insufficient to state a cause of action, because no facts are stated which constitute a breach of the trust agreement under which plaintiff intrusted his money to that corporation. That agreement provided in substance that the trustee was (1) to invest and reinvest the principal fund in lawful trust fund securities and to collect the income from such investments; (2) to pay from said income to plaintiff semiannually on the principal invested $39 until the termination of the trust; and that either party could terminate the trust at any time after one year from date, and upon such termination the securities and uninvested and unpaid trust moneys should be turned over to plaintiff, unless the trustee then elected to purchase such securities on payment of the cost price and the accrued and unpaid interest thereon. But there is no allegation in the complaint that the trustee ever failed to invest plaintiff's deposit in lawful trust fund securities, or to collect the income therefrom and pay $39 thereof semi-annually to plaintiff; or that the trust was terminated and that thereupon the trustee failed to turn over the securities and unpaid trust money to plaintiff, or to pay to him the cost price and interest thereon in accordance with the trust agreement. There is an allegation

"That the plaintiff is informed and believes that the property that said defendants have attempted to place as security for said trust agreement has no value and is not worth the taxes assessed against said property."

However, such an allegation, made in October, 1932, that the property which constitutes the security "has" no value and "is" not worth the taxes assessed against it, does not

amount to an allegation that such property was without value, or was not of sufficient value, as security at the time the trustee invested the funds, which plaintiff deposited with it in January, 1923. Neither does that allegation admit of the inference that, when the trustee invested plaintiff's money, the investment was not "in lawful trust fund securities," as required by a provision in the trust agreement. If by that provision it was intended to limit the investment, if made in farm mortgage securities, to the security prescribed by sec. 231.32 (1) (g), Stats., then the farm had to be improved and located in Wisconsin or adjoining states, and the amount of the loan could not exceed one-half of the actual value of the property covered thereby. But, as there is no allegation in the complaint as to what property in fact constituted the security for such investment as was made by the trustee, or what its character or value then was, or in what state it was located, it does not appear and it cannot be inferred that the principal fund was not invested in "lawful trust fund securities."

On the other hand, if, instead of considering only whether the facts alleged in the complaint are sufficient to state a cause of action "in equity for breach of trust," as plaintiff asserts in his brief, the complaint is also examined to determine whether plaintiff has alleged any existing cause of action for deceit, we find that such cause of action, if it ever existed, was barred before the commencement of this action by the six-year statute of limitation, sec. 4222, Stats. 1921 (sec. 330.19, Stats. 1931).

This action was commenced on October 24, 1932. The only misrepresentations alleged in the complaint to have been made to plaintiff, and to have been relied upon by him, or which induced him to act or to refrain from acting to his disadvantage, are alleged to have been made on January 20, 1923. As that date is more than six years prior to the

commencement of this action, the six-year bar prescribed by sec. 4222 (5), Stats. 1921, was applicable and barred an action to recover damages for deceit. *Thom v. Sensenbrenner,* 211 Wis. 208, 247 N. W. 870. The running of that six-year statute of limitation would not have been prevented, even if there had been fraudulent concealment of the cause of action. *Blake v. Miller,* 178 Wis. 228, 235, 189 N. W. 472. Even "continued and renewed material false representations which merely prevent the discovery of the original fraud do not toll the statute of limitations in such situations." *Seideman v. Sheboygan L. & T. Co.* 198 Wis. 97, 102, 223 N. W. 430.

Although misrepresentations are also alleged to have been made in February, 1932, there is no allegation that plaintiff ever relied thereon, or was induced or influenced thereby to act or to refrain from acting, to his disadvantage or damage. It is well established that in the absence of such reliance and action thereon by the party charging deceit, false representations or concealment are not actionable. *Francois v. Cady Land Co.* 149 Wis. 115, 118, 135 N. W. 484; *Blake v. Miller, supra,* p. 238. In *Seideman v. Sheboygan L. & T. Co., supra,* in which it was held that because of subsequent misrepresentations a new right of action subsequently arose for the recovery of money which had been originally invested in unsafe securities, it was expressly alleged in the complaint that plaintiff "was induced, by misrepresentations then (subsequently) made as to an existing situation, to refrain from insisting upon her contract rights to recover back her money." Because of that express allegation that the plaintiff was subsequently induced by materially false representations to desist from presenting and asserting a valid claim for a return of her money so invested, this court held that the complaint stated sufficient facts to show that a new right of action then arose. But, because of the ab-

sence of an allegation to that effect in the complaint in the case at bar, it fails to state an existing unbarred cause of action, and the defendants' demurrer thereto should have been sustained.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the defendants' demurrer to the complaint.