PETERS, Individually and as Special Administratrix, Appellant, v. KELL and others, Respondents.

*November 2—November 29, 1960.*

34

For the appellant there was a brief by *Smith, Puchner, Tinkham & Smith,* and oral argument by *Richard P. Tinkham* and *C. Duane Patterson,* all of Wausau.

For the respondents there was a brief by *Hoffmann, Trembath & Gullickson* of Wausau, and oral argument by *Stuart G. Gullickson.*

. CURRIE, J.   The principal issue before us on this appeal is whether the trial court properly determined that the plaintiff's causes of action are barred by the statutes of limitation. There is also a subsidiary issue of whether the plaintiff succeeded in proving a cause of action relating to the personal property grounded on fraud so as to render applicable sec.

330:19 (7), Stats. In resolving these issues we deem it advisable first to separately consider those causes of action affecting the real estate and then those pertaining to the farm personal property.

*Causes of Action Relating to Real Estate.*

The plaintiff seeks to have set aside the deed of November 10, 1939, from her mother to Clement Kell on the ground that he procured such deed through fraud. It is contended that there was sufficient evidence adduced at the trial to sustain a jury finding either that such deed was the result of undue influence exerted by Clement upon his mother, or that he procured its execution when he knew, because of her serious illness and the administration of drugs to her to relieve pain, she did not possess the mental capacity to comprehend what she was doing.

The defendants maintain that the plaintiff's causes of action relating to the real estate are barred by sec. 330.06, Stats., inasmuch as there was more than ten years' adverse possession under color of title by Clement Kell and his wife. The deed of November 10, 1939, supplies such color of title. However, if such deed had not been executed, the plaintiff Mrs. Peters and the grantee Clement Kell would have been cotenants of the farm real estate upon the death of Veronica Harter Kell.

The general rule is that one cotenant cannot acquire title through adverse possession against another cotenant unless there has been an ouster of such other cotenant's possession. 4 Tiffany, Real Property (3d ed.), p. 526 *et seq.,* sec. 1185. Continuous and exclusive possession by one cotenant, however, may work an ouster and constitute adverse possession. *Hahn v. Keith* (1920), 170 Wis. 524, 174 N. W. 551. Also, if a cotenant obtains a conveyance of title from a third party and grounds his possession upon such conveyance to the knowledge of his cotenant, he can secure good title

through ten years' adverse possession. *McCann v. Welch* (1900), 106 Wis. 142, 81 N. W. 996, and *Marshall & Ilsley Bank v. Baker* (1941), 236 Wis. 467, 473, 295 N. W. 725.

Early in 1940 the plaintiff Mrs. Peters learned of the deed which her mother had executed to Clement on November 10, 1939, and that Clement claimed title to the farm by reason of such conveyance. Under the holding of this court in *McCann v. Welch, supra,* it is immaterial whether such deed was obtained by Clement through fraud in so far as the running of the ten-year limitation period prescribed by sec. 330.06, Stats., is concerned.

In *McCann v. Welch, supra,* the defendant Patrick Welch procured the execution of a deed by his dying wife conveying to him a farm owned by her. After the death of the wife, which occurred a few hours later, he entered into possession of the farm and continued in exclusive possession thereof for more than ten years prior to the commencement of an action by the children of the grantor to set aside such deed. The deceased grantor had been married twice and two of the plaintiffs were children by the first marriage while the remaining plaintiffs were children of the second marriage to Patrick Welch. The trial court found complete incompetency on the part of the grantor to execute the deed and canceled and set aside the same. This court reversed. Among other things this court held that any title of the two plaintiff children by the first marriage had been extinguished by ten years' adverse possession by the defendant Patrick Welch under color of title. It was pointed out that only the two children by the first marriage would have been entitled to immediate possession upon the death of the mother in the absence of such deed because Patrick Welch would enjoy curtesy rights which would have barred his own children's right to possession. In the opinion it was stated that it was immaterial to the running of the limitation

period that the deed under which Patrick Welch claimed had been executed by a grantor not mentally competent. The opinion further stated that it would also be immaterial if the deed had been secured by fraud, and cited *Oliver v. Pullam* (1885), 24 Fed. 127. See also *Steinberg v. Salzman* (1909), 139 Wis. 118, 123, 124, 120 N. W. 1005.

It is our considered judgment that the plaintiff's causes of action relating to the real estate are barred by sec. 330.06, Stats., inasmuch as Clement Kell, and those claiming under him, have had more than ten years' adverse possession under color of title.

*Causes of Action Relating to the Personal Property.*

No personal representative was ever appointed of the estate of Veronica Harter Kell until after the commencement of the within action on August 13, 1959. Then Mrs. Peters was appointed special administratrix and the pleadings were amended so as to show that she was suing in her representative as well as individual capacity. Title to personal property does not pass from a deceased person to his or her next of kin, or legatees, without administration of the estate, but vests in the personal representative. *Estate of Leu* (1920), 172 Wis. 530, 179 N. W. 796. Therefore, a cause of action for conversion of the farm personal property is maintainable only by Mrs. Peters as special administratrix and not in her individual capacity as legatee or next of kin.

However, this does not preclude the possibility of Mrs. Peters individually having a cause of action in fraud against Clement Kell grounded upon the false statement contained in his letter to her of January 29, 1940. Such statement was, "Mother also left all her personal property to me." In order to prevail on such a cause of action it would be necessary that Mrs. Peters prove, (1) that she justifiably relied on such false statement and by reason thereof was induced not to have probate of her mother's estate instituted, (2) that

by reason of not having such probate instituted the estate's cause of action against Clement for conversion of the personal property was barred by the running of the statute of limitations or otherwise rendered ineffective, and (3) that as a result she personally sustained damage by reason of being deprived of her distributive share of the farm personal property. See *Krestich v. Stefanez* (1943), 243 Wis. 1, 9 N. W. (2d) 130, for a situation in which the pleadings were held to state a cause of action in fraud where the plaintiff was induced not to take action by reason of the defendant's reassuring false representation.

Under sec. 330.19 (7), Stats., a cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." By court decision it has been held that, if the aggrieved person was placed in possession of facts which, if followed by diligent inquiry, would have disclosed the fraud, this is equivalent to discovery of the fraud itself for the purpose of such statute. *Hinkson v. Sauthoff* (1956), 272 Wis. 33, 37, 74 N. W. (2d) 620. However, inasmuch as we have reached the conclusion that Mrs. Peters has failed to establish a cause of action for fraud, we find it unnecessary to pass on the point of when the period of limitation with respect to such a cause of action would have commenced to run, if she had been successful in proving the same.

A false representation must be relied and acted upon in order to be actionable. *Larson v. Ela* (1933), 212 Wis. 525, 250 N. W. 379; and *Francois v. Cady Land Co.* (1912), 149 Wis. 115, 118, 135 N. W. 484. The evidence in the instant case establishes beyond question that Mrs. Peters did not rely on Clement's false statement in his letter to her of January 29, 1940. This is because she testified that she did not believe such statement, but did rely on the erroneous information supplied to her at about the same time by her Aurora attorney that the deed from her mother to Clement

included the farm personal property as well as the farm. Such failure to rely on Clement's false statement is fatal to Mrs. Peters' cause of action for fraud brought in her individual capacity.

We turn now to the cause of action of Mrs. Peters, as special administratrix of her mother's estate, to recover the farm personal property, or its value. Such a cause of action is one for conversion. The statute of limitations applicable to such cause of action is sec. 330.19 (6), Stats., which prescribes a six-year limitation period. However, sec. 330.50 provides that, where there is no person in existence, who is authorized to bring an action at the time the cause of action accrues, the statutory limitation period is not to extend to more than double the statutory period of limitation. Because there was no personal representative of Veronica Harter Kell appointed and qualified when Clement converted the farm personal property upon her death on November 25, 1939, sec. 330.50 had the effect of doubling the six-year statutory period to twelve years. Such twelve years expired in November, 1951, and the within action was not commenced until more than seven years thereafter.

Counsel for the plaintiff special administratrix contend that, because of fraud practiced by Clement to conceal his wrongful conversion of the farm personal property, sec. 330.19 (7), Stats., is the governing statute of limitations and not sec. 330.19 (6) as extended by sec. 330.50. However, the general rule is that fraud must be the gravamen of the action in order to render applicable a statute of limitations such as sec. 330.19 (7), which provides in causes of action for fraud that the limitation period does not commence to run until discovery of the fraud. 34 Am. Jur., Limitation of Actions, p. 138, sec. 172; *Estate of Natherson* (1956), 102 Ohio App. 475, 134 N. E. (2d) 852, 57 A. L. R. (2d) 1297. Here, Clement's alleged act of fraudulent concealment

occurred after the cause of action for conversion had already arisen and formed no part of such cause of action.

This court has repeatedly held that fraudulent concealment is not sufficient to toll the statute of limitations. *Marshall & Ilsley Bank v. Baker, supra,* page 473; *Blake v. Miller* (1922), 178 Wis. 228, 235, 189 N. W. 472; and *Ott v. Hood* (1913), 152 Wis. 97, 100, 139 N. W. 762. The necessary effect of such holdings is that such fraudulent concealment does not render applicable sec. 330.19 (7), Stats. This was expressly held in *Ott v. Hood, supra,* page 103.[1]

Although fraudulent concealment by the wrongdoer of a cause of action not grounded on fraud does not render applicable sec. 330.19 (7), Stats., may such fraudulent concealment estop the wrongdoer from relying on the statute of limitations as a defense?

The doctrine of estoppel to raise the statute of limitations has been subjected to a checkered course in Wisconsin. In *Encking v. Simmons* (1871), 28 Wis. 272, 281, Mr. Chief Justice DIXON stated, "There is, for example, very much and very high authority for saying that the bar of the statute of limitations may be avoided at law for fraud in the party seeking to take advantage of it. [Citing cases.]" He then proceeded to reason by analogy from such premise to arrive at the conclusion that fraud by the mortgagee would avoid a foreclosure sale of real estate made pursuant to the statute that authorized foreclosure of real-estate mortgages by advertisement.

---

[1] At the time *Ott v. Hood, supra,* was decided, sec. 330.19 (7), Stats., was limited to causes of action originally cognizable in a court of chancery, and the holding of inapplicability of such statute in that case was also partially grounded on the fact that the cause of action then before the court was one at law. However, sec. 330.19 (7) was amended in 1929 so as to make the same applicable to actions at law, and *Marshall & Ilsley Bank v. Baker, supra,* was decided after such amendment.

The unsuccessful plaintiffs in *Pietsch v. Milbrath* (1905), 123 Wis. 647, 101 N. W. 388, 102 N. W. 342, in their brief filed in support of a motion for rehearing raised the issue that the defendants were estopped by their fraud from relying on the defense of the statute of limitations. Mr. Justice MARSHALL in an exhaustive opinion on the motion for rehearing examined into the authorities and came to the conclusion that the weight of authority was opposed to the principle that there was any estoppel based on fraud which would preclude raising the defense of the statute of limitations. Such opinion also called attention to the provisions of sec. 4222, Stats. 1898, now sec. 330.19 (7), and held that the principle of *"Expressio unius est exclusio alterius"* would rule out any estoppel to raise the defense of the statute of limitations grounded on fraud.

This holding of *Pietsch v. Milbrath, supra,* was approved in *Guile v. La Crosse Gas & Electric Co.* (1911), 145 Wis. 157, 169, 130 N. W. 234, and *Williams v. J. L. Gates Land Co.* (1911), 146 Wis. 55, 60, 130 N. W. 880. However, in *Estate of Mohr* (1933), 212 Wis. 198, 213, 248 N. W. 143, 249 N. W. 517, without making any reference to *Pietsch v. Milbrath, supra,* it was declared:

"Under all of the circumstances we think that justice requires that it be held that Griffith were he living would be estopped to claim that the statute of limitations had run against his indebtedness to the estate, and that his heirs-at-law are not in any position to claim that his conduct did not give rise to the estoppel. See 37 Corp. Jur., pp. 725–727, sec. 44, where numerous cases are collected which hold that a party may be equitably estopped to claim the benefit of the statute of limitations."

It appears from the many cases cited in the two annotations entitled, "Estoppel to rely on statute of limitations," in 130 A. L. R. 8, and 24 A. L. R. (2d) 1413, that the overwhelming weight of authority now supports the rule that

a party may be estopped by fraud, or other wrongful conduct, from asserting the statute of limitations as a defense. Furthermore, we doubt the validity of the reasoning advanced in *Pietsch v. Milbrath, supra,* that the adoption by the legislature of sec. 330.19 (7), Stats., brings into play the rule of *"Expressio unius est exclusio alterius"* so as to preclude any estoppel to rely on the statute of limitations.[2] This is because such statute only prescribes a limitation period for a particular type of cause of action and does not purport to relate to any conduct of the wrongdoer which occurs after the cause of action against him has come into being. We, therefore, overrule the holding of *Pietsch v. Milbrath, supra,* that there never can be an estoppel to rely on the statute of limitations and adopt the majority rule as set forth in the annotations in 130 A. L. R. 8, and 24 A. L. R. (2d) 1413.[3]

However, under such majority rule, that fraudulent conduct of the wrongdoer may estop him from relying on the statute of limitations, there can be no estoppel unless the aggrieved party relied to his injury upon such fraudulent conduct. See Anno. 130 A. L. R. 8, at page 17, and Anno. 24 A. L. R. (2d) 1413, at page 1420. In the instant case at the time such fraudulent concealment took place there was not in existence a personal representative of the estate of Veronica Harter Kell who could have relied thereon. Even if it could be validly argued that a misrepresentation to Mrs.

---

[2] Recently this court has applied the rule of *"Expressio unius est exclusio alterius"* with respect to this same statute in holding that only in actions for fraud has the legislature seen fit to make the beginning of the limitation period start with discovery of the facts giving rise to the cause of action. *Peppas v. Marshall & Ilsley Bank* (1957), 2 Wis. (2d) 144, 86 N. W. (2d) 27.

[3] This is consistent with the rule previously adopted by this court that a wrongdoer may be estopped by fraudulent conduct from relying on the two-year notice-of-injury statute, sec. 330.19, Stats. 1955, and predecessor statutes. *Will v. Jessen* (1956), 273 Wis. 495, 78 N. W. (2d) 905.

Peters before her appointment as special administratrix is the equivalent to. a misrepresentation to her as such special administratrix, there was no reliance by her upon such misrepresentation. Therefore, there can be no estoppel.

*By the Court.*—Judgment affirmed.