STEINBERG and another, Respondents, vs. SALZMAN and wife, Appellants.

*March 30—April 20, 1909.*

*Limitation of actions: Infants: Adverse possession: Color of title: Good faith: Homestead: Actions for accounting: Executors and administrators: Sales of real estate: Liability of purchaser: Rights of heirs: Costs: Printed case.*

1. An action to recover real estate in the adverse possession for over ten years of one claiming under an instrument purporting to convey a colorable title is barred, although the action is brought by minors, or those under guardianship, or to meet cases of fraud.

2. An administrator's deed, conveying decedent's homestead pursuant to an order of court in proceedings to sell decedent's lands for the payment of his debts, is color of title within the statutes barring actions to recover real estate held adversely under an instrument purporting to convey title.

3. Title by adverse possession under the ten-year statute as well as the twenty-year statute may be acquired although there is no element of good faith in the entry or in securing the deed under which entry is made, where the ten-year statute is invoked, provided the essentials required by the statute exist.

4. Where real estate itself, in the possession of one holding it adversely, cannot be recovered, the possessor cannot be called upon to account for its value, even though he was guilty of fraud in its acquisition, which was not discovered until shortly before the institution of the action for an accounting.

5. Where an administrator, after selling his decedent's homestead pursuant to order of court, in his final account treated a note given by the purchaser as cash, after more than twenty years the heirs of the decedent cannot recover from the purchaser on

Steinberg v. Salzman, 139 Wis. 118.

the note, although the administrator has never collected or attempted to collect it.

[6. In such case, the administrator not being before the court, no opinion is expressed as to his liability to account.]

7. The printing without abridgment of the evidence preserved in the bill of exceptions, consisting of the reporter's minutes incorporated *in extenso* therein, is a violation of Supreme Court Rule 6, and warrants denial of costs for printing the case.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action brought by plaintiffs to set aside an administrator's deed and to bar the grantee named therein, and his wife, of all right, title, and interest in the property conveyed thereby, and for such other relief as might be equitable. One William Steinberg died intestate on July 6, 1878, leaving a widow, and three children by a former marriage of the ages of six, seven, and nine years, respectively. The youngest child, William, conveyed his interest in the premises in dispute to his brother, one of the plaintiffs in this action, his sister being the other. At the time of his death Steinberg was the owner of a farm of eighty acres and some personal property. One forty-acre tract was wild and uncultivated. The other was cleared and improved to some extent and had farm buildings thereon and was occupied as a homestead by decedent and his family. He had been married to his second wife, who is one of the defendants in this action, about four months at the time of his death. About four months thereafter she married *August Salzman,* her codefendant. A petition was presented by one Herman Kleeman to the county court, reciting, among other things, that it was necessary to sell the real estate of the decedent to pay his debts. A hearing appears to have been ordered upon such petition, and an administrator was appointed, and thereafter an order was entered directing that sale be made, and the property was sold to the defendant *August Salzman* for $1,300, the appraised value of the farm, which sale was confirmed August 5, 1879. A special guard-

ian for the minor heirs of the decedent was appointed May 20, 1879, and the widow of the decedent and the special guardian of the minors consented to the sale. The administrator's deed was executed August 7, 1879. The personal property was inventoried at $485.92, and thereafter certain property was reported by the administrator as coming into his hands, but not inventoried, amounting to $279.77, making the total personal property $765.69. The homestead forty was appraised at $1,000 and the other at $300. Personal property was awarded to the widow of the inventory value of $292.80. In the final account rendered by the administrator he reports total receipts of $2,065.69. Of this he reports as paid to the widow $433 for her dower interest in the land sold and $292.80 for her personal property selection; $45.02 for expenses of administration and $978.90 for indebtedness. The remainder of $315.97 he reported as cash on hand.

The administrator never paid any of the debts of the decedent. No notice to creditors was ever given and no accounts against decedent's estate were ever legally allowed by the county court. The property purchased by *August Salzman,* and he appears to have purchased the personal property as well as the real estate, was purchased on time and with the understanding that he was to settle with and pay the creditors of the decedent. As a matter of fact he claims to have paid out more money on account of claims than the indebtedness amounted to as reported in the final account of the administrator. The evidence on this point is unsatisfactory, and the proceeding was entirely lawless both as to the manner of taking care of claims and as to selling the homestead, which was exempt from payment thereof and was the property of the minor heirs, subject to the homestead right of the widow. No part of the $315.97 reported in the hands of the administrator was ever paid to the heirs, and the administrator never received such sum of money, but received in lieu thereof the

note of *August Salzman,* which was never paid, except as he claims he paid it by caring for the minor heirs. The two boys worked for him on the farm until they were nearly twenty-one years of age and the girl until she was past eighteen, and none of them attended school except for a few days. The two younger children can neither read nor write and the older one can read a very little. The defendants went into possession of the farm under the administrator's deed and have remained in possession ever since.'

The circuit court held, among other things, that gross errors and glaring irregularities were committed in the administration of the estate, which amounted to constructive if not actual fraud; that the defendants, aided by the toil of the heirs of William Steinberg, have greatly improved the real estate, thereby enhancing its value several thousand dollars; that the debts of Steinberg were not properly proven, and the price for which the property was sold to pay the same was agreed upon in advance, and no consideration was received by the administrator when he executed the deed; that the fraud was not discovered by plaintiffs until June, 1905; that the real estate was sold for $200 less than its value; that the note for $352.36 given to the administrator has never been paid, and that the children of the decedent were raised without any education, and were kept in ignorance of all facts pertaining to their father's estate, and that they had by their labor for the defendant *August Salzman* more than earned the board and clothing furnished them while living with said *Salzman.*

As conclusions of law the court found: (1) The administrator's deed was void; (2) there was no authority in law to sell the homestead to pay debts and the debts were not legally proven; (3) constructive if not actual fraud entered into the sale of the real estate, and the defendant *August Salzman* was a party thereto; (4) the plaintiffs' right of action was saved under subd. 7, sec. 4222, Stats. (1898), by reason of the

fact that the fraud was not discovered until 1905; (5) that in view of the very large increase in the value of the farm it would be inequitable to divest defendants of the title thereto, and that the defendant *August Salzman* should pay plaintiffs $200, with interest from August 7, 1879, being the difference between the purchase price of the farm and what it was actually worth, and also the amount of the note given to the administrator, with interest from its date, making a total of $1,586.

Among other defenses interposed the defendants pleaded the following statutes of limitation in bar of the action: Secs. 4211, 4212, 4215, 4207, 3918, 4251, 4233, and subd. 4 of sec. 4221, Stats. (1898). They also interposed a counterclaim asking that their title to the premises in dispute be quieted. Numerous errors are assigned. Those material to a disposition of the case will be referred to in the opinion.

For the appellants there was a brief by *Eberlein & Eberlein,* and oral argument by *M. J. Eberlein.*

*John F. Hooper,* for the respondents.

BARNES, J. The finding of the circuit court that gross and glaring irregularities were committed in the administration of the estate of Carl Steinberg, which amounted to constructive if not to actual fraud, is a mild-mannered characterization of the acts by which the plaintiffs were deprived of what justly belonged to them, as the undisputed testimony in the case clearly shows. The evidence falls far short of showing that there was not an abundance of property, aside from the homestead, to pay Steinberg's debts. Whether there was or not, it was a purely lawless proceeding to sell the homestead to pay them. No money was received by the administrator on the sale, and none of the claims against the estate of the deceased were examined, proved, or allowed by the county court. Even the balance admitted by the defendant to be due after he settled the claims against the estate was never paid, except

as defendant claims he paid it by caring for the minor children, for which care he was otherwise amply repaid, as the evidence showed and as the court found. It is to be hoped that county judges, administrators, and guardians, whose duty it is to guard and protect the estates of helpless minors from predatory attacks, will not often be so unmindful of their duties and their obligations as they appear to have been in this case.

Notwithstanding what has been said, the plaintiffs cannot recover. Sec. 4211, Stats. (1898), provides that where an occupant enters into possession of any premises under claim of title exclusive of any other right, founding such claim on some written instrument as being a conveyance of the premises in question, and there has been continual occupation and possession of the premises under such claim for ten years, the premises so held shall be deemed to have been held adversely, and sec. 4215, Stats. (1898), provides that an adverse possession of ten years under secs. 4211 and 4212 shall constitute a bar to an action for the recovery of the real estate adversely held or the possession thereof.

The statutes cited, in terms, make no exceptions in favor of minors or those under guardianship, or to meet cases of fraud, and they have been strictly construed in a long line of decisions in this court. Given a written instrument purporting to convey a colorable title, and adverse possession thereunder for a period of ten years, the requirements of the statute are satisfied. Sec. 4218, Stats. (1898), does not aid the plaintiffs, as no action was commenced within the time limited by that section. *Hatch v. Lusignan,* 117 Wis. 428, 94 N. W. 332, is a case presenting facts very like those in the present case. Other cases illustrative of the rule stated are *Lampman v. Van Alstyne,* 94 Wis. 417, 429, 69 N. W. 171; *Nelson v. Jacobs,* 99 Wis. 547, 75 N. W. 406; *McCann v. Welch,* 106 Wis. 142, 147, 81 N. W. 996; *Ill. S. Co. v. Budzisz, post,* p. 281, 119 N. W. 935, and numerous other

·cases cited in the opinion in the last-named case.   There can be no doubt that the administrator's deed involved in this case ·conveyed color of title.   *Whittlesey v. Hoppenyan,* 72 Wis. 140, 39 N. W. 355; *McCann v. Welch, supra,* and cases ·cited; *Ill. S. Co. v. Budzisz, supra,* and cases cited.   It was admitted in the record in this case that the defendant *August Salzman* went into possession of the premises in 1879 under the deed from the administrator and that he has remained in possession ever since, claiming adversely to all the ·world.

This action being one brought to set aside an administrator's deed, it might well be governed by sec. 3918, Stats. (1898), which limits the time within which an action may be brought to recover real estate sold by an administrator to five years after the sale, and provides in the case of minors that the action may be brought within five years after they become of age.   But the action was not brought within the time prescribed in this statute and the plaintiffs are barred ·thereunder.   *Betts v. Shotton,* 27 Wis. 667, 669; *Jones v. Billstein,* 28 Wis. 221.

The circuit court, while holding that the right of action to recover the real estate was not barred, also held that if plaintiffs were precluded from reclaiming the property they might still compel an accounting, and that such a right of action was saved by subd. 7, sec. 4222, Stats. (1898), the fraud not having been discovered until 1905.   Treating the ·complaint as being broad enough to entitle the plaintiffs to an accounting, we still think that no right to an accounting ·exists.   The effect of the statutes of limitation referred to is not only to preclude recovery of title by the plaintiffs, but not only to preclude recovery of title by the plaintiffs, but ·also to vest title in the defendants.   *Nelson v. Jacobs, supra; McCann v. Welch, supra.*   Title by adverse possession under ·the ten-year statute as well as the twenty-year statute may be ·acquired although there is no element of good faith in the ·entry or in securing the deed under which entry is made

where the ten-year statute is invoked, provided the essentials·
required by the statute are found to exist. *Ill. S. Co. v.
Budzisz, post,* p. 281, 119 N. W. 935, and cases cited. This
being so, it would be anomalous to call for an accounting for·
the value of the property, where the property itself, though
still in the possession of the defendant, could not be recovered.
The cases of *McMahon v. McGraw,* 26 Wis. 614, and *O'Dell* .
*v. Burnham,* 61 Wis. 562, 21 N. W. 635, are relied upon
by plaintiffs' counsel as authority to support a right of action
under subd. 7, sec. 4222. In neither of these cases had any
statute of limitations barred the plaintiff from recovering the·
thing fraudulently taken away, to wit, the land, and in each
of them the land was the thing sought to be recovered.

The circuit court held that the consideration paid by the·
defendant for the farm was inadequate and that he should
have paid $200 more, and that he should account for this·
amount·with interest. ` Also that a note given to the adminis-
trator for $352.36, payable on demand, should be accounted
for with interest. It is conceded that this note was not paid
to the administrator. He, however, treats it as cash in his
final account, although he never made any attempt to collect
it, and reports a balance of $315.97 cash on hand, which has·
·never been accounted for. It is plain that the action brought
will not lie against the defendants. The administrator is not
before the court. We express no opinion as to his liability to·
account for the balance which his report showed to be in his
hands.

The reporter's minutes are incorporated *in extenso* in the
bill of exceptions. The evidence as preserved in the bill of
exceptions is printed without any abridgment whatever in
the case, in manifest violation of Rule 6 of this court.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause is remanded with directions to enter
judgment dismissing the complaint. No costs will be allowed
in this court for printing the case.