BOURNE and another, Appellants, vs. WIELE and wife, Respondents.

*December 9, 1914—January 12, 1915.*

*Adverse possession: Claim of title: "Judgment of a competent court:" Certificate of heirship: Unknown heirs: Written instrument: Quitclaim deed: Evidence.*

1. Whether a certificate of heirship issued *ex parte* by the county judge at chambers, as authorized by sec. 2276a, Stats., is a "judgment of a competent court" within the meaning of sec. 4211, is doubted.

2. Where such a certificate was to the effect that land of a decedent belonged in equal parts to nine persons (naming them) as his heirs, subject to the dower right of the widow, a quitclaim deed given by said nine persons to the widow and which, construed with the certificate, purported to convey the whole title, was a written instrument upon which adverse possession might be based under sec. 4211, Stats.

3. It appearing that there were other heirs of the decedent who were not named in said certificate, but that neither the widow nor her subsequent grantees of the land had ever known of their existence and that, prior to the commencement of the action by said other heirs, the widow and her said grantees (defendants in the action) had occupied and possessed the land for more than ten years, claiming title under said quitclaim deed adversely to any other right, the defendants were properly held to have acquired title by adverse possession.

APPEAL from a judgment of the circuit court for Sauk
county: JAMES O'NEILL, Judge. *Affirmed.*

Action of partition. Plaintiffs claim to own an undivided
one-tenth interest in thirty acres of farm land as the heirs at
law of one Agnes Yost, who was one of the ten surviving
children of Richard Wiele. The trial court found that the
defendants had obtained title to the land by adverse posses-
sion. The facts appearing either by stipulation or by prac-
tically undisputed evidence were as follows: Richard Wiele
was the common source of title, and owned the land up to the
time of his death intestate in 1883. He had been married
twice. By his first wife he had three children, Balthazar,
Emma, and Agnes, the latter being the mother of the plaint-
iffs. By his second wife, Mary (who survived him), he had
seven children, Christiana, Mary, Herman, Richard, Susan,
*Christian* (the defendant), and Ida. Agnes Yost, the mother
of the plaintiffs, died before her father. After Richard's
death his widow, Mary, with her children, remained in pos-
session of the premises, which were marshy pasture lands in-
closed with a fence. May 31, 1898, the said Mary and the
defendant *Christian* made a petition to the county judge, rep-
resenting that Richard Wiele died seised of the premises in
dispute and leaving as his sole heirs Mary Wiele, his widow,
and the nine children who survived Richard, but said nothing
about Agnes or her children. On this petition without no-
tice the county judge made a certificate to the effect that the
land belonged to the said nine children in equal shares, sub-
ject, however, to the dower right of the widow. This certifi-
cate was recorded on the same day in the proper register of
deeds' office, and also on the same day all of said nine chil-
dren quitclaimed their right, title, and interest in the prem-
ises to their mother, Mary, which deed was recorded some
months later. Mary paid the two stepchildren $50 each for
their interests, but the other children executed the deed with-
out consideration. After the making and recording of said

certificate and deeds the widow remained in possession of the premises claiming title until June, 1904, when she conveyed the same by warranty deed to her son and his wife, the defendants in this action, who remained in possession claiming title adversely to any other right up to the time of the commencement of this action in September, 1913. The plaintiffs reside in Kansas, but for how long a time does not appear. It does appear, however, that the defendant *Elizabeth,* who was married to the defendant *Christian* in 1890, never had heard of the plaintiffs or of any children of Agnes Yost until the commencement of this action. The court held that the defendants had acquired title to the lands by adverse possession and dismissed the complaint, from which judgment the plaintiffs appeal.

For the appellants there was a brief by *Bentley, Kelley & Hill,* and oral argument by *F. R. Bentley.*

For the respondents there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

WINSLOW, C. J. The question is whether the facts justify a finding of adverse possession.

Sec. 4211, Stats., provides in substance that ten years' occupancy of premises under claim of title, exclusive of any other right, such claim being founded upon some written instrument as being a conveyance thereof, or upon the *judgment of some competent court,* shall be deemed an adverse holding.

Sec. 2276a, S. & B. Ann. Stats. 1889, as amended by ch. 28, Laws of 1893 (now sec. 2276a, Stats. 1913), provides that on application of the heirs of a deceased person the county judge may issue a certificate setting forth the names of the heirs of the deceased person and their respective interests in the premises of which the deceased died seised, which certificate when recorded in the office of the register of deeds shall be *prima facie* evidence of the facts therein recited.

We should have great hesitation in holding that the certificate authorized by the last named section, granted *ex parte,* and by the judge at chambers instead of by the court, is a "judgment of a competent court" within the meaning of sec. 4211 above cited. It is not necessary to so hold in order to sustain the judgment.

A quitclaim deed in this state is equivalent, at least for the purpose of conveying title, to a deed of bargain and sale. *Home Inv. Co. v. Emerson,* 153 Wis. 1, 140 N. W. 283; sec. 2207, Stats. After the execution of the quitclaim deed by the nine children in 1898 the widow held possession of the premises, claiming title under that deed as being a conveyance of the premises. The deed, construed with the certificate of heirship, purported to convey the whole title, and must be held to be a written instrument such as is named in sec. 4211 as sufficient on which to base adverse possession. If it appeared that either the widow or the defendants had ever recognized or acknowledged that the plaintiffs had title as cotenants to any part of the premises, it would probably be necessary that actual knowledge of the changed and hostile character of the defendants' possession be brought home to the plaintiffs before such possession could be held adverse. *Sydnor v. Palmer,* 29 Wis. 226. No such acknowledgment appears, however. On the contrary, all the evidence on the subject indicates that neither the widow nor the present defendants ever knew of the existence of the plaintiffs, and hence never acknowledged that the plaintiffs had any interest in the premises.

Under the circumstances, we deem the evidence sufficient to prove ten years' adverse possession under a claim of title founded upon a written instrument as being a conveyance of the premises, thus fulfilling the calls of sec. 4211.

*By the Court.*—Judgment affirmed.