MARSHALL & ILSLEY BANK, Respondent, vs. BAKER and another, Appellants.

*December 3, 1940—January 7, 1941.*

468

For the appellants there was a brief by *A. W. Richter* and *Howard Haberla,* both of Milwaukee, and oral argument by *Mr. Richter.*

For the respondent there was a brief by *Shea & Hoyt,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt.*

FOWLER, J. From the preceding statement of facts it appears that the suit was brought to quiet title to the premises described in the complaint in the plaintiff bank and exclude the appellants Baker and Hill from any and all claims therein, and that judgment was entered decreeing entire ownership to have accrued to the plaintiff by successive and uninterrupted adverse possession of the bank and its predecessors in title for over forty-five years at least.

The claim of the appellants derives from Edgar Keene who acquired title in 1856. He became insane about 1874. He died in 1891. The appellants claim a one-third interest in the premises as his grandnieces and heirs. The bank claims through a deed to David Keene, brother of Edgar, from the grantee in a tax deed executed in 1886 and based upon a tax sale of the land during the period of Edgar's insanity.

The appellants in effect urge, in support of their claim of title, that as matter of law the title through the tax-deed grantee to David Keene inured to them as coheirs of Edgar Keene and cotenants of David Keene, and that adverse pos-

session cannot run by one cotenant against another; and that the title of David Keene and his son Francis B. was procured by fraud practiced by them against the insane Edgar Keene and rendered the deed to David void.

That one cotenant cannot acquire title by adverse possession against another is of course true, as a general proposition. *Perkins v. Perkins,* 173 Wis. 421, 180 N. W. 334, 181 N. W. 812. But it is also true that circumstances may exist which permit a cotenant to acquire an outstanding title and in reliance thereon acquire title by adverse possession against his cotenants. *Hahn v. Keith,* 170 Wis. 524, 174 N. W. 551; *Bourne v. Wiele,* 159 Wis. 340, 150 N. W. 420. And it is also true that although an outstanding title be acquired with intent to defraud the owner of his title, this does not defeat the acquisition of title by the perpetrator of the fraud by adverse possession. *Stainberg v. Salzman,* 139 Wis. 118, 120 N. W. 1005.

Appellants' counsel lay much stress on the proposition that the titles of David and Francis B. Keene were acquired by fraud on their part against Edgar Keene, the insane owner of the land, the one by procuring the deed from the tax-deed grantee with intent to defraud the insane owner, and the other in not protecting, as guardian of the insane owner, his ward's title, and in not including the land in the inventory filed by him in either the estate of his ward, or as administrator of his deceased ward's estate. But if such fraud were assumed it would not avail the appellants. The following cases in this court are to such effect: *Lampman v. Van Alstyne,* 94 Wis. 417, 69 N. W. 171; *McCann v. Welch,* 106 Wis. 142, 81 N. W. 996; *Illinois Steel Co. v. Budzisz,* 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534, 48 L. R. A. 830; *Pitman v. Hill,* 117 Wis. 318, 94 N. W. 40; *Hatch v. Lusignan,* 117 Wis. 428, 432, 94 N. W. 332; *Steinberg v. Salzman, supra.* In the case last cited, conduct characterized by the court as palpably fraudulent was held not to obviate

the effect of acquisition of title by the perpetrator of the fraud by adverse possession. And in the *Hatch Case, supra,* it was said of fraud in the conduct of proceedings in the course of settlement of an estate of a decedent that "this consideration, however, can have no weight" as against acquisition of title by adverse possession.

Stress is also laid by appellants upon the fact that they had no knowledge of Edgar Keene's ownership of the land in suit. Ignorance of the appellants in this respect is immaterial, even though there was fraudulent concealment of the fact of Edgar's ownership, as against acquisition of title by adverse possession. *Blake v. Miller,* 178 Wis. 228, 235, 189 N. W. 472; *Ott v. Hood,* 152 Wis. 97, 100, 139 N. W. 762, 44 L. R. A. (N. S.) 524, Ann. Cas. 1914 C, 636; *Elder v. McClaskey* (6th Cir.), 70 Fed. 529, 545, 17 C. C. A. 251. In the opinion by Judge TAFT in the case last cited it is said, in effect, that one is not under obligation to inform another claiming as a cotenant that he is claiming by adverse possession.

The most strenuous objection of the appellants, perhaps, is that there is no evidence that the Keenes, David and Francis B., under whom the plaintiff bank claims, based their claim of title on the tax deed, and should, therefore, be held to have based it upon descent from Edgar Keene. But the deed to David was executed during Edgar's lifetime, and David's possession and acts of dominion occurred during that time, as is evidenced by his mortgaging the premises in 1890. This indicates David's claim of entire ownership before claim based on heirship was possible. Other acts of dominion thereafter were continuous. They may be briefly summarized as the leasing of the land by David in 1892; the execution of the power of attorney by Francis B. Keene in 1903, and the continuous collection of rents and leasing of the premises by his agents thereafter; the first mortgaging of the premises by Francis B. Keene to the plaintiff bank in 1899; the execution

of a deed by Francis B. Keene of a right of way to a railway company in 1912; and the second mortgaging of the land to the plaintiff bank in 1928. These are all facts indicating adverse possession and that the claims of David and Francis B. Keene were based upon the tax deed. They could base claim of entire ownership only upon that deed. *McCann v. Welch, supra.* Although the tax deed conveyed only a one-tenth interest in the premises, the quitclaim deed of the grantee constituted color of title to the entire interest, even though the deed of David was void to his knowledge. *Hatch v. Lusignan, supra.* One entering under color of title is presumed to enter claiming to the extent of that title. *Sydnor v. Palmer,* 29 Wis. 226, 250. And one having title under a tax deed, in absence of proof of actual occupancy, is presumed to have possession of the premises, "either constructive or otherwise." *Gunnison v. Hoehne,* 18 Wis. *268. Under this presumption, in absence of proof of occupancy between the date of David's deed in 1886 and Edgar's death in 1891, David is presumed to have made entry under that deed.

The appellants contend that because Francis B. Keene procured in England the deed from his uncle, an heir of Edgar Keene, and the widow of another uncle and heir of Edgar, he must be assumed to have thereafter claimed title as their cotenant. The court's finding was to the contrary, and from the whole evidence the inference of the court seems to us fully warranted. The deed did not describe the land in suit. It only described another parcel of land owned by Edgar at his death. The deed contained a general clause covering all other real estate and personal property which the grantors might have or claim to have as heirs of Edgar, but from this it did not necessarily follow that Francis B. Keene was relinquishing claim under the deed under which his father and devisor took color of title and possession prior to the death of Edgar. David was dead, and every one else long dead who could have had any knowledge of the facts connected with the taking of

the deed to David. David's mortgage of the land while Edgar was living is referable only to the tax-deed title, and is consistent and only consistent with the idea that he was claiming under that title.

This we believe sufficiently covers the contentions of the parties. It follows that the judgment of the circuit court must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.