Martin, J.
 

 On August 3, 1943, judgment was entered in favor of appellant against respondent in the sum of $9,579.06. On September 18th an execution was issued on said judgment and levy made on the real estate in question. Sale of said real estate was advertised for November 5, 1943. Petitioner, who is a daughter of the respondent, claims to be the owner of the real estate sought to be sold.
 

 The respondent, Gustav Bramberg, and Selma Bramberg, his wife, as joint tenants, acquired title to' the real estate by warranty deed dated October 22, 1926, and recorded October 26th. On January 5, 1932, Gustav Bramberg and wife mortgaged the premises to Rudolph W. Bramberg, trustee, for the sum of $7,500. On January 7, 1932, Gustav Bram-berg conveyed said premises to his wife “for a consideration of $10 and other good and valuable consideration.” Said deed was recorded May 7, 1932. On April 15, 1938, Selma Bramberg “in consideration of the sum of $10 and other good and valuable consideration” conveyed said premises to the petitioner, subject to the aforesaid mortgage, and Gustav Bramberg, her husband, joined in said conveyance for the purpose of releasing and waiving all rights under the homestead-exemption laws, in accordance with Illinois practice. This deed was recorded May 4, 1938.
 

 Petitioner claims to be a purchaser for a fair consideration without knowledge of the alleged fraud, and that she and her predecessor in title (Selma Bramberg) have been in the uninterrupted, open, notorious, and adverse possession of said
 
 *333
 
 real estate for more than ten years under conveyances duly recorded in the office of the register of deeds of Walworth county, — being the conveyances above mentioned. It is further alleged by petitioner that subsequent to April 15, 1938, Selma Bramberg, during her lifetime, and Gustav Bramberg, made their home with her.
 

 Sec. 281.02 (1), Stats., provides :
 

 “Any person who in connection with his predecessor in title has been in the uninterrupted adverse possession of any land for ten years under a conveyance recorded in the office of the register of deeds of the county where land lies, or who has been in such possession for twenty years, otherwise than under such conveyance, may commence and maintain an action to establish his title against any defects claimed to exist. He may make all persons deemed to be connected with or involved in such defects defendants by name if known, and otherwise generally all persons whom it may concern, by that specification.”
 

 Appellant’s action against the respondent Gustav Bramberg was commenced in the circuit court for Walworth county on June 3, 1942. The order temporarily enjoining the execution sale until a determination upon the merits was entered by the court after a hearing on an order to show cause based on the petition and supporting affidavits, which order to show cause was issued on November 5, 1943, before the hour set for the execution sale. The order to show cause was made returnable on November 9, 1943. Pending the hearing thereon, the plaintiff-appellant and the sheriff of Walworth county and the plaintiff’s attorneys, their agents, etc., were enjoined from selling the real estate in question or any interest therein under the execution levy and notice of sale. Appellant’s counsel appeared at the hearing on the order to show cause, filed, his affidavit in opposition. No testimony was taken. The order of December 1, 1943, provided:
 

 “It is ordered, that the plaintiff, Harry R. Spellbrink, receiver for Service State Bank, a foreign corporation, and
 
 *334
 
 George O’Brien, sheriff, their attorneys, agents and servants, do absolutely desist and refrain from selling the real estate described in the petition herein, or any interest therein, under the execution, levy and notices of sale pursuant to the execution issued herein until the further order of the court.
 

 “It is further ordered, that the amended petition stand in the nature of a complaint and that the plaintiff [appellant] do have twenty days from the service of this order upon him or his attorneys within which to answer the petition or otherwise plead, as he may be advised, and that petitioner have a like period after service of such pleading in which to reply or otherwise plead thereto, as she may be advised.”
 

 Appellant contends that he did not discover the alleged fraud, which is based on the conveyance from the respondent, Gustav Bramberg, to Selma Bramberg on January 7, 1932, and the conveyance from Selma Bramberg to petitioner on April IS, 1938, until May or June of 1942. (Sec. 330.19 (7), Stats.) On this contention appellant argues that the possession of petitioner does not become adverse to the respondent’s creditors until the creditors or their purchasers acquire a right to the possession of the real estate, and that a third party, such as petitioner, has no right to restrain an execution sale during the life of the rights conferred on creditors by sec. 242.09, Stats. 1941. This section provides:
 

 “(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person
 
 except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase,
 
 or one who has derived title immediately or mediately from such a purchaser, (a) have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach or levy execution upon, the property conveyed.
 

 “ (2) A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment.”
 

 It is true that under provision (b) of sub. (1), sec. 242.09, Stats., above quoted, appellant had the right to attach or levy
 
 *335
 
 execution upon the real estate. That does not mean the petitioner may not question the right of the creditor to sell on execution before her rights as a claimed purchaser for fair consideration without knowledge of the alleged fraud at the time she purchased, or her rights by reason of her title and possession, coupled with the title and possession of her grantor, which covered a period of more than ten years, are determined, where the facts of such adverse possession under sec. 281.02 (1) are alleged in the petition. There has been no adjudication that any of. the conveyances to which reference has been made were fraudulent. There has been no adjudication of homestead rights or of the value of the real estate. It appears that at the time of the conveyance to petitioner the real estate conveyed was subject to a mortgage in the sum of $7,500. The amount of the mortgage should be taken into consideration in determining whether petitioner was a purchaser for fair consideration. Secs. 330.06 and 330.10 must be considered in connection with sec. 281.02.
 

 Sec. 330.06, Stats., provides :
 

 “Where the occupant or those under whom he claims entered into the possession of any premises under claim of title, exclusive of any other right, founding such claim upon some written instrument, as being a conveyance of the premises in question, or upon the judgment of some competent court, and that there has been a continual occupation and possession of the premises included in such instrument or judgment or of some part of such premises under such claim for ten years, the premises so included shall be deemed to have been held adversely. ...”
 

 Sec. 330.10, Stats., so .far as here material, provides :
 

 “Action barred by adverse
 
 possession,
 
 when.
 
 An adverse possession of ten years under sections 330.06 and 330.07 . . . shall constitute a bar to an action for the recovery of such real estate so held adversely or of the possession thereof.”
 

 While many legal propositions are proposed in the briefs of counsel, it seems to us that the decisive question is whether
 
 *336
 
 the rights of creditors under sec. 242.09, Stats., are cut off by petitioner’s adverse possession under sec. 281.02 (1). This question was squarely presented to the trial court by counsel, and is here presented. The trial court answered it in the affirmative in the following language:
 

 “It appears to the court that after the expiration of the ten-year period the right of the creditor under sec. 242.09 to disregard the conveyance and attach or levy execution upon the property conveyed ceases to exist. . . .”
 

 In
 
 Edgerton v. Bird, 6
 
 Wis. *527, *537, quoting from
 
 Wright v. Mattison,
 
 18 How. (U. S.) 50, the court said:
 

 “That a claim to property under a conveyance, however inadequate to carry the true title to such property, and however incompetent might have been the power- of the grantor in such conveyance to pass a title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, and one which will draw to the possession of the grantee, the protection of the statutes of limitations, other requisites of those statutes being complied with.”
 

 In
 
 Hatch v. Lusignan,
 
 117 Wis. 428, 432, 94 N. W. 332, the court said:
 

 “The right of the plaintiffs to the land in question, as owners, rests upon the application of -the rules of law prescribed by secs. 4211 [330.06], 4212 [330.07], 4215 [330.10], Stats. 1898, to the facts found by the court — that they and their predecessors in title have held adverse possession thereof for more -than ten years, having entered under claim of title founded upon written instruments, as being conveyances of the premises in question.
 
 If such facts existed, those statutes serve to vest in the plaintiffs complete legal title,
 
 although in form they only bar any suit to question such title.” Citing
 
 Nelson v. Jacobs,
 
 99 Wis. 547, 75 N. W. 406;
 
 McCann v. Welch,
 
 106 Wis. 142, 145, 81 N. W. 996.
 

 Further, page 432, the court said:
 

 
 *337
 
 There is an apparent attempt to impugn the good faith both of Stonall and Mrs. Hatch in suggesting that they are chargeable with knowledge of illegality in the county court proceedings for the sale of real estate, by reason that it included the homestead; also of a fraudulent purpose of the administrators. This consideration, however, can have no weight.
 
 Statutory possession under a written instrument which purports to convey the land satisfies the statutory requirement, however invalid that written instrument, and however complete the claimant’s knowledge of its invalidity.”
 

 Further, page 434, the court said:
 

 “We therefore conclude that whether the action of the administrators or of the county court in attempting to sell this land, including the undefined homestead right therein, was valid or invalid, and whether or not the administrators’ deed did or did not convey the whole title or any title, still there is established by the finding that adverse possession under color of title, which, by the sections of the statute above referred to,
 
 so protects the plaintiffs against assault, and so extinguishes any rights of others, as to make them the holders of the legal title, with right to have adjudged the invalidity of the claims made by the defendants against the premises.”
 

 The rule of the above case was followed in
 
 Marshall & Ilsley Bank v. Baker,
 
 236 Wis. 467, 295 N. W. 725. The court said, page 472:
 

 “Appellant’s counsel lay much stress on the proposition that the titles of David and Francis B. Keene were acquired by fraud on their part against Edgar Keene, the insane owner of the land, the'one procuring the deed from the tax-deed grantee with intent to defraud the insane owner, and the other in not protecting, as guardian of the insane owner, his ward’s title, and in not including the land in the inventory filed by him in either the estate of his ward, or as administrator of his deceased ward’s estate.
 
 But if stick fraud were assumed it would not avail the appellants.
 
 The following cases in this court are to such effect:
 
 Lampman v. Van Alstyne,
 
 94 Wis. 417, 69 N. W. 171;
 
 McCann v. Welch,
 
 106 Wis. 142, 81
 
 *338
 
 N. W.
 
 996; Illinois Steel Co. v. Budzisz,
 
 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534, 48 L. R. A. 830;
 
 Pitman v. Hill,
 
 117 Wis. 318, 94 N. W. 40;
 
 Hatch v. Lusignan,
 
 117 Wis. 428, 432, 94 N. W. 332;
 
 Steinberg v. Salzman, supra
 
 [139 Wis. 118, 120 N. W. 1005], In the case last cited, conduct characterized by the court as palpably fraudulent was held not to obviate the effect of acquisition of title by the perpetrator of the fraud by adverse possession. And in the
 
 Hatch Case, supra,
 
 it was said of fraud in the conduct of proceedings in the course of settlement of an estate of a decedent that ‘this consideration, however, can have no weight’ as against acquisition of title by adverse possession.”
 

 While the cases cited do not involve conveyances in defraud of creditors, they do involve the issue of fraud.
 
 Marshall & Ilsley Bank v. Baker, supra,
 
 was decided by this court iñ 1941-, when sec. 330.19 (7), Stats., was in force and effect. Assuming that in the trial on the merits petitioner establishes the facts on which she bases her adverse possession, it must follow as a legal conclusion that her adverse possession cuts off appellant’s rights under sec. 242.09. Further, assuming that in the trial on the merits petitioner establishes that she was a purchaser for fair consideration without knowledge of the alleged fraud, her rights would not be cut off by the provisions of sec. 242.09. If in the trial the court should find that petitioner purchased the property without actual fraudulent intent, but that she gave less than fair consideration for the conveyance, in that situation, under sub. (2) of sec. 242.09 petitioner would have the right to retain the property as security for repayment. An attachment or levy on execution under sub. (b) of sec. 242.09 gives the judgment creditor a lien on the property attached or levied upon, which constitutes notice to' all. It does not bar a third party from asserting any rights they may have to have same determined on the merits in the action in which the judgment was entered.
 

 Appellant argues at length the proposition that sec. 281.02 (1), Stats., and, inferentially at least, secs. 330.06, 330.07, and 330.10, have no application in the instant case because the
 
 *339
 
 possession of petitioner does not become adverse to the rights of the judgment creditor until the latter acquires a right of entry or action. AVhen appellant’s right of action, if ány, accrued, by reason of the alleged fraud, is immaterial. In
 
 Sydnor v. Palmer
 
 (1871), 29 Wis. 226, 250, the court held that:
 

 “Where one enters upon land under a recorded deed, which purports to give him a complete title, his possession becomes adverse to all the world.” Citing
 
 Stevens v. Brooks,
 
 24 Wis. 326;
 
 Jackson v. Smith,
 
 13 Johns. 406.
 

 The proceedings in the instant case, by petition to the court in the action in which judgment was rendered against respondent, were in accord with the procedure followed in
 
 Jackson Milling Co. v. Scott,
 
 130 Wis. 267, 110 N. W. 184;
 
 Pleshek v. McDonell,
 
 130 Wis. 445, 110 N. W. 269. In 21 Am. Jur. p. 263, sec. 532, it is stated:
 

 “After a judgment at law has been obtained, courts having equitable jurisdiction will, in a proper case, interfere by injunction to prevent its enforcement by execution. Such relief may be obtained not only to prevent the issuance of a writ of execution, but also to preclude all proceedings under a writ previously issued, including the levy and sale.”
 

 Appellant makes the point that the order to show cause issued on November 5th, returnable on November 9, 1943, restrained the appellant, the sheriff, and appellant’s attorneys, agents, and servants from selling the real estate described, or any interest therein, under the execution levy and notice of sale, without requiring a bond pursuant to sec. 268.06, Stats. If there be any error in that respect, it is not before the court. The appeal herein is only from the order of December 1, 1943. That order provided for an undertaking in the sum of $500, which was furnished and approved by the circuit judge.
 

 Finally, appellant argues that petitioner has adequate remedy at law; therefore there is no basis for equitable interfer
 
 *340
 
 ence. Equity will enjoin an execution sale where there are special circumstances or where the remedy at law is inadequate. The record discloses unusual circumstances. The petitioner seeks to preserve the
 
 status quo
 
 until a hearing on the merits. As the record stands, it appears that she is now the unconditional owner of the real estate in question. The levy on the real estate under the execution issued creates a lien and is a cloud on the petitioner’s title. The property constituted the homestead of the alleged fraudulent grantor at the time he conveyed his undivided half interest to his wife, at which time the property was subject to a mortgage of $7,500. The alleged fraudulent grantee, Selma Bramberg, died in 1938. A sale on execution would not clear the title. Pending issues must be finally determined. The order of December 1, 1943, provides for the necessary pleadings to present all the issues in controversy. In
 
 Ekern v. McGovern,
 
 154 Wis. 157, 202, 142 N. W. 595, the court said:
 

 “Where the papers on an application for an order preserving the
 
 status quo
 
 pending the final result of the case show a reasonable probability of plaintiff’s ultimate success, it is well nigh an imperative duty of the court to grant such relief. ‘Not only does the discretionary power exist to protect a party’ in such circumstances, ‘but the duty exists to exercise it.’ ” To same effect see
 
 Dunn v. Acme A. & G. Co.
 
 168 Wis. 128, 132, 169 N. W. 297.
 

 In 33 C. J. S. p. 351, sec. 152 (a), it is said:
 

 “An injunction restraining a levy or sale under execution will be granted in aid of justice, or to prevent injustice or vexation or the circumvention of the law.”
 

 At page 352, sec. 152 (b) :
 

 “Equity may, in its discretion, enjoin a levy or sale under execution to prevent a cloud on title.”
 

 
 *341
 
 In
 
 Goodell v. Blumer
 
 (1877), 41 Wis. 436, 442, the court said:
 

 “It is objected by the learned counsel for the defendants below, that the complaint fails to state a cause of action under sec. 29, ch. 141, R. S.
 
 The action is not brought under that provision of the statute, but is founded upon the inherent pozver of a court of equity to prevent or remove a cloud upon the title to real estate.
 
 It is stated in the complaint that the defendant Coe, acting as sheriff, has levied upon the real estate described therein, by virtue of an execution in favor of his codefendant and against Samuel Stout and C. Stout, and that he is proceeding to sell the property to satisfy the execution. The plaintiff claims that the judgment upon which the execution issued never became a lien upon the property, and he seeks to enjoin the sale because the sheriff’s certificate or deed will be a cloud on his title.
 
 There can be no doubt that a court of equity will exert its jurisdiction and grant relief in such a case. And this it will do by virtue of its inherent powers as a court of equity.”
 
 Citing
 
 Pier v. Fond du Lac,
 
 38 Wis. 470;
 
 Hamilton v. Fond du Lac,
 
 25 Wis. 490;
 
 Siegel v. Supervisors of Outagamie County,
 
 26 Wis. 70;
 
 Milwaukee Iron Co. v. Hubbard,
 
 29 Wis. 51.
 

 Under all the circumstances, the order must be affirmed.
 

 By the Court.
 
 — Order affirmed.